IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA K. DREWRY                                              PLAINTIFF

vs.                              Civil No. 2:19-cv-02092

ANDREW M. SAUL                                               DEFENDANT
Commissioner, Social Security Administration

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Brenda K. Drewry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"),

and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Homes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background:**

Plaintiff protectively filed her disability applications on April 4, 2017.  (Tr. 13).  In her

applications, Plaintiff alleges being disabled due to lumbar radiculopathy, sciatica, and

degenerative disk.  (Tr. 205).  Plaintiff alleges an onset date of January 31, 2017.  (Tr. 13).  Her

applications were denied initially and again upon reconsideration.  (Tr. 97-103).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 29-48). This hearing was held on May 9, 2018 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, David Harp. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.*

On November 15, 2018, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 10-20). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 31, 2017, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorder of the back and obesity. (Tr. 15, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(a) except that she is able to climb ramps and stairs occasionally; ladders, ropes and scaffolds occasionally; and stoop and crouch occasionally.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6).

Considering her RFC, the ALJ determined Plaintiff remained capable of performing her PRW as a deli worker (light). (Tr. 20, Finding 6). Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from January 31, 2017 through the date of his decision or through November 15, 2018. (Tr. 20, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). On June 13, 2019, the Appeals Council denied this request for review. *Id.* On July 17, 2019, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental

3

disability that lasted at least one year and that prevents him or her from engaging in any substantial

gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3),

1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has

lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial

evidence in the record. ECF No. 12 at 1-14. Specifically, Plaintiff raises two arguments for

reversal: (1) the ALJ's RFC determination is inconsistent with the record; and (2) the ALJ's PRW

determination is not supported by the record.  ECF No. 12 at 1-14.  Upon review, the Court finds

the ALJ has not a supplied a sufficient basis for discounting Plaintiff's subjective complaints while

assessing her RFC.  Thus, the Court will only address Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the

five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects

of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The  factors  must  be  analyzed  and  considered  in  light  of  the  claimant's  subjective

complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long

as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly

applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective

complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.

*See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two
additional factors: (1) "treatment, other than medication, you receive or have received for relief of your
pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms
(e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."
However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these
additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the
analysis of these additional factors in this case.

Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination almost entirely upon the fact Plaintiff's subjective complaints were not supported by her medical records. (Tr. 16-20). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 17). The ALJ also discounted Plaintiff's subjective complaints because "[t]he claimant's statements about the intensity, persistence, and limiting effects of her symptoms . . . *are inconsistent because they are not supported by the medical evidence of record.*" *Id.* (emphasis added).

6

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    **ENTERED this 16th day of June 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE